# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR No. 10-19 |
| v. | ) CV Nos. 19-1022, 16-888 |
| LAMONT LAPRADE | |

## MEMORANDUM ORDER

In this matter, a jury convicted Defendant, who proceeded at trial pro se with appointed standby counsel, on four counts of violating 18 U.S.C. 2113(a) and (d); 18 U.S.C. § 371; and 18 U.S.C. § 924(c). Given that the background of this matter has been recited at length in previous Orders, today's Order shall remain brief.

Following authorization from the Court of Appeals to file a second or successive petition, Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 is before the Court. Therein, Defendant raised a challenge under Johnson v. United States, 135 S. Ct. 2251 (2015). In particular, Defendant challenges the sentencing Court's reliance on prior convictions for bank robbery and armed bank robbery to enhance his sentence under 18 U.S.C. § 924(c). This argument is foreclosed by binding case law, which holds that both bank robbery and armed bank robbery qualify as crimes of violence under the "elements" clause of Section 924(c). United States v. Johnson, 899 F. 3d 191 (3d Cir. 2018); United States v. Wilson, 880 F. 3d 80 (3d Cir. 2018).[1]

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." Defendant

---

[1] The Court further notes the possibility that Defendant, currently a fugitive, has forfeited his right to habeas relief at present. Cf., e.g., Crawford v. Varner, No. 98-405, 2002 U.S. Dist. LEXIS 2401, at *7 (D. Del. Feb. 15, 2002). Defendant's Motion, however, is denied on substantive grounds as stated in the body of the Opinion.

1

has not made such a showing in this case, and no certificate of appealability shall issue.

AND NOW, this 14th day of November, 2019, IT IS SO ORDERED.

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court